UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————X
PIRU UMOJA # 06A1269,                    X
       Plaintiff,                                  X
                                                            X
V.                                                        X    COMPLAINT
Sergeant K. Todd,                              X    JURY TRIAL DEMANDED
Correctional Officer G. Santiago,      X
Correctional Officer E. Boyer,          X
Individually and in Their                  X
Official Capacities.                          X
       Defendants.                              X
———————————————————X

Plaintiff, Piru Umoja 06A1269 appearing pro-se allege the following:

1. JURISDICTION AND VENUE:

A. This court has jurisdiction over this action under 28 U.S.C. sections 1331 and 1343. The matters in question arise under 42 U.S.C. section 1983.

B. Venue properly lies in this District pursuant to 28 U.S.C. section 1391(b)(2), because the events given rise to this cause of action occurred at Downstate Correctional Facility ("Downstate") in the City and state which is located within the Southern District of New York.

2. PARTIES:

A. Piru Umoja 06A1269 is and was, at all times relevant hereto, a prisoner in the custody of the New York State Department of Corrections and Community Services ("Doccs"). At the time of the events relevant hereto, Umoja was incarcerated at Downstate. Umoja is currently incarcerated at the Attica Correctional Facility.

B. K. Todd is a Downstate officer with the rank of Sergeant, who at all times relevant hereto was assigned to Downstate.

C. G. Santiago is a Downstate officer with the rank of Correctional officer, who at all times relevant hereto was assigned to Downstate.

D. E. Boyer is a Downstate officer with the rank of Correctional officer, who at all times relevant hereto was assigned to Downstate.

3. STATEMENT OF CLAIM:

A. The events given rise to plaintiff claim arose at Downstate, in the town of Fishkill which is in the county of Dutchess.

B. The events of plaintiff claim occurred in the Special Housing Unit ("SHU") on the gallery in front of cells 31-36 and outside SHU on the stairs.

C. The date and approximate time incident occurred is August 26, 2012 between 10:30 p.m. - 10:45 p.m.

4. FACTS:

A. Plaintiff was denied to see a Mental Health Unit ("MHU") staff after complaining of mixed thought's and thereafter set his cell on fire.

B. Once plaintiff was removed from cell and placed on gallery in handcuffs with several officer's on him; he was punched numerous times in the face.

C. Plaintiff was removed from SHU area while in handcuffs. While outside SHU; plaintiff dreadlocks were yanks and pulled from his head (4 dreadlocks were yanked out plaintiff head).

D. Plaintiff was then thrown down two (2) flights of stairs while handcuffed backwards defenseless.

E. Plaintiff was threatened not to report his injuries to Medical; because it could have and it would get worse.

F. Correctional Officer G. Santiago punched plaintiff several times in the face with closed fist while plaintiff was on the floor handcuffed defenseless.

G. Correctional Officer's E. Boyer and G. Santiago partook in the pulling and yanking of plaintiff's dreadlocks from his head before both Correctional Officer's collectively threw the plaintiff down two (2) flights of stairs while he was in handcuffs backwards defenseless.

H. Sergeant K. Todd stood by observed and allowed the

assault/excessive use of force to proceed without intervening to protect plaintiff from the unnecessary and unprovoked assault/excessive use of force.

I. C. Morrishaw 07A0433 and R. Sipe 09B0431 observed Correctional officer's G. Santiago and E. Boyer pulling and yanking plaintiff dreadlocks forcefully from plaintiff head; then throwing him down the stairs as he remained handcuffed backwards and defenseless.

5. INJURIES:

A. Plaintiff sustained abraisions to his face; shoulder. Bruises on his wrist and a pinched nerve in his left wrist and hand.

B. Plaintiff was immediately placed on 'voltaren' and 'Neurotin' to alliviate the severe pain; while in Downstate.

C. On September 17, 2012, when plaintiff returned to Attica; he was taken off medication prescribed in Downstate.

D. On September 25, 2012, plaintiff signed agreement to be seen by 'Neurologist.'

E. On December 7, 2012, plaintiff was seen by a Neurogeon at the Regional Medical unit ("RMU") and conducted an EMG where it was determined plaintiff has a pinched sustained from the assault/excessive use of force.

F. Plaintiff was soon thereafter placed back on Neurontin

to be taken two times daily and Diclofenac sodium three times daily to minimize to severe pain in left wrist and hand.

6. EXHAUSTION OF ADMINISTRATIVE REMEDIES:

A. Plaintiff filed a grievance at Downstate Correctional Facility.

B. Plaintiff grieved of being assaulted while in handcuffs backwards defenseless by Correctional Officer's G. Santiago and E. Boyer; Threats made to plaintiff not to report injuries to medical staff; and Sergeant K. Todd failure to intervene and protect plaintiff from the unnecessary assault/excessive use of force.

C. Plaintiff grievance was investigated allegedly and accusations were denied by staff.

D. Plaintiff appealed the Superintendent's decision to C.O.R.C. in Albany, New York to Karen Bellamy the C.O.R.C. Supervisor.

E. Plaintiff also filed a complaint with the inspector general who eventually interviewed plaintiff in Attica on September 25, 2012.

7. RELIEF:

A. Plaintiff seeks an order from the court against the defendant's acknowledging they've violated and/or acted in violation of the united states constitution.

B. Plaintiff is seeking $8 Million in compensatory damages against G. Santiago for his participation in assaulting plaintiff. He's being sued in his individual and official capacity.

C. Plaintiff is seeking $5 Million in compensatory damages against E. Boyer for his participation in assaulting plaintiff. He's being sued in his individual and official capacity.

D. Plaintiff is seeking $5 Million in compensatory damages against K. Todd for her failure to protect plaintiff from being assaulted by her staff while plaintiff remained handcuffed in a defenseless position and unable of causing harm to staff or himself. She's being sued in her individual and official capacity.

8. PREVIOUS LAWSUITS:
A. Plaintiff have not filed no other lawsuits dealing with the facts involved in action.

I declare under penalty of perjury that the foregoing is true and correct.

Sworn to before me on
this _ day of _____, 2013
_____
NOTARY PUBLIC

Piru Umoja
Piru Umoja 06A1269
Attica Correctional Facility
P.O. Box 149
Attica, New York, 14011-0149

JAMES E. PRUSAK SH.
Notary Public - State of New York
No. 01PR6244486
Qualified in Wyoming Co.
My Commission Expires August 1, 20_15