UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
PIRU UMOJA,

             Plaintiff,

   -against-

SERGEANT K. TODD
CORRECTIONAL OFFICER G. SANTIAGO
CORRECTIONAL OFFICER E. BOYER,

             Defendants.
------------------------------------------------------X



13 Civ. 396 (GBD)(JLC)

**STIPULATION OF
SETTLEMENT & ORDER OF
DISMISSAL**

WHEREAS plaintiff, Piru Umoja, filed an amended complaint dated January 16, 2013 ("complaint"), alleging that defendants had violated plaintiff's rights during plaintiff's incarceration in the New York State Correctional Services system; and

WHEREAS defendants answered the complaint and denied all allegations that their conduct violated plaintiff's constitutional or other rights; and

WHEREAS the parties wish to resolve the issues alleged in the complaint in the above-captioned action ("Action"), and have negotiated in good faith for that purpose; and

WHEREAS none of the parties to the Action is an infant or incompetent person;

WHEREAS the parties to the Action wish to discontinue this litigation without the need for trial and without admitting any wrongdoing on the part of defendants; and

WHEREAS plaintiff represents and warrants that, other than this Action, he has no action or proceeding pending in any court, state or federal, arising out of or relating to the subject matter of this lawsuit.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the undersigned parties and counsel as follows:

1.   The Action is dismissed and discontinued with prejudice.

2.   Defendants shall pay the sum of $8,500.00, in full satisfaction of any and all claims for relief in this Action, including attorneys' fees, costs and disbursements. The Eight Thousand Five Hundred Dollar ($8,500.00) check in payment of the above recited sum shall be drawn to the order of the plaintiff and forwarded to the inmate at his correctional facility for deposit in his inmate facility/departmental account. It is understood and agreed by the parties that any taxes, or interest or penalties on taxes, on the payments specified in this paragraph 2 shall be the sole and complete responsibility of plaintiff, and that plaintiff shall have no claim, right or cause of action against the State of New York, the New York State Department of Corrections and Community Supervision or any of their subdivisions, units or related entities on account of such taxes, interest or penalties.

3.   In consideration of the payment of the sums recited in paragraph #2 above, the plaintiff, Piru Umoja, hereby releases and discharges each of the defendants and any and all current or former employees or agents of New York State and the New York State Department of Corrections and Community Supervision, in their individual and official capacities, and their heirs, executors, administrators and assigns, and the State of New York and its agencies, including, without limitation, the New York State Department of Corrections and Community Supervision, from any and all claims, liabilities and causes of action which plaintiff or plaintiff's representatives, heirs or assigns ever had, now has or hereafter shall or may have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of this stipulation and order.

4.   In further consideration of the payment of the sum set forth in paragraph 2, plaintiff hereby waives, releases and forever discharges defendants and any and

all current of former employees of the, in his/her/their individual and official capacities, and his/her/their heirs, executors, administrators and assigns and the State of New York and the New York State Department of Corrections and Community Supervision, from any and all claims, known or unknown, arising out of the plaintiff's Medicare eligibility for and receipt of Medicare benefits, and/or arising out of the provision of primary payment (or appropriate reimbursement), including cases of action pursuant to 42 U.S.C. §1395y(b)(3)(A) of the Medicare, Medicaid and SCHIP Extension Act of 2007. Plaintiff agrees to defend, indemnify and hold harmless the defendants and the State of New York regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter.

      5.     Nothing in this Stipulation of Settlement shall be construed as an admission or acknowledgment of liability whatsoever by any of the defendants or the New York State Department of Corrections and Community Supervision and the New York State Office of Mental Health, regarding any of the allegations made by the plaintiff in his complaint.

      6.     Payment of the amounts recited in paragraph #2 above is subject to the approval of all appropriate New York State officials in accordance with the provisions for indemnification under Section 17 of the New York Public Officers Law. Plaintiff agrees to execute and deliver to counsel for defendants all necessary or appropriate vouchers and other documents requested with respect to such payment. The provisions referenced in Chapter 62 of the Laws of 2001, as amended (commonly known as "the Son of Sam Law" relating to crime victims, funds of convicted persons and the New York State Office of Victims Services), including, but not limited to Section 632-a of the New York Executive Law and

3

Section 8(12-g) of the New York State Finance Law, may be applicable to payments by defendants hereunder.

       7.     Plaintiff represents and warrants that he is not a Medicare recipient, has never been on Medicare or Social Security Disability Insurance ("SSDI"), that no conditional payments have been made on his behalf by Medicare, and that he does not expect to be a Medicare recipient within the next thirty (30) months. Plaintiff agrees to deliver an executed and notarized Affidavit of Medicare Eligibility Status, in the form annexed hereto as Exhibit A, to the Office of the Attorney General. Plaintiff acknowledges and understands that receipt of this document by the Office of the Attorney General is a prerequisite to payment of the settlement amounts referenced in Paragraph 2.

       8.     Plaintiff agrees that neither Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), nor any of their officials, employees, or agents, whether in their individual or official capacities, shall be responsible for any liens of any kind (including, but not limited to, any and all workers' compensation, tax, or child support liens) which may attach to the payments referenced in Paragraph 2. Plaintiff shall have no claim, right, or cause of action against defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their officials, employees, or agents, whether in their individual or official capacities, on account of such liens, and agree that they will defend, indemnify, and hold harmless Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees, or agents, whether in their individual or official capacities, for the satisfaction of any such liens.

9.  In the event payments of the amounts recited in paragraph #2 above are not made within one hundred and twenty (120) days after the receipt by defendants' counsel of a copy of the fully executed So-ordered Stipulation of Settlement as entered by the Court in this Action, interest shall accrue on the outstanding principal balance at the rate set forth in 28 U.S.C. § 1961 beginning on the one hundred and twenty-first day after receipt by defendants' counsel of a copy of the fully executed So-ordered Stipulation of Settlement plus any period during which (i) the Comptroller postpones payment under §632-a of the Executive Law and subsection 12-g of §8 of the New York State Finance Law or (ii) payment by the Comptroller has been stayed by court order.

10. This Stipulation of Settlement and any Order entered thereon shall have no precedential value or effect whatsoever and shall not be admissible in any other action or proceeding as evidence or for any other purpose, except in an action or proceeding to enforce this Stipulation of Settlement.

11. This Stipulation of Settlement and Order of Dismissal embodies the entire agreement of the parties in this matter and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceedings, shall bind the parties hereto, or vary the terms and conditions contained herein.

Dated: New York, New York
       February 20 2014

                                ERIC T. SCHNEIDERMAN
                                Attorney General of the
                                 State of New York
                                <u>Attorney for Defendants</u>
                                120 Broadway
                                New York, New York 10271-0332

                                _____

5

By: Julia H. Lee
Assistant Attorney General
Of Counsel
Tel. No. (212) 416-6234

Dated: Attica, New York
February 11, 2014

By: _Piru Umoja_
Piru Umoja, Plaintiff

## ACKNOWLEDGMENT

On the 11ᵀᴴ day of February, 2014, before me came Piru Umoja, known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed on the within instrument, and acknowledged to me that he executed the same.

Notary Public

SO ORDERED:

Dated: New York, New York
February  , 2014

FEB 24 2014

JAMES E. PRUSAK SR.
Notary Public - State of New York
No. 01PR6244486
Qualified in Wyoming County
My Commission Expires August 1, 2015

GEORGE B. DANIELS, USDJ

6